**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RONELL WILLIAMS.　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Movant,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　　No. 4:19-CV-2417 RLW
　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　)

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Ronell Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1), that asserts three grounds of ineffective assistance of counsel. The United States filed a Response in Opposition to the § 2255 Motion (ECF No. 9). Williams did not file a Reply in support of his § 2255 Motion.  As a result, this matter is fully briefed and ready for decision. For the following reasons, Williams's § 2255 Motion will be dismissed without an evidentiary hearing.

**I.  Procedural Background**

On June 14, 2017, a federal grand jury charged Williams in an indictment with possessing a firearm after having been convicted previously of a felony crime punishable by a term of imprisonment exceeding one year, in violation of Title 18 U.S.C. § 922(g)(1) ("Count One"). United States v. Ronell Williams, 4:17-CR-275 RLW ("Criminal Case") (ECF Nos. 1, 2.)[1]

The Court appointed the Office of the Federal Public Defender for the Eastern District of Missouri to represent Williams on June 21, 2017. (ECF No. 7.) Assistant Federal Public Defender

---

[1]All citations to electronically filed docket entries refer to the Criminal Case, United States v. Ronell Williams, 4:17-CR-275 RLW (E.D. Mo.), unless otherwise stated.

("AFPD") Brocca L. Morrison entered her appearance on behalf of Williams on June 27, 2017. (ECF No. 14.)

AFPD Morrison filed a Motion to Suppress Evidence and Statements on August 17, 2017. (ECF No. 22.) The Motion argued that there was not reasonable suspicion for the police to stop the vehicle Williams was driving, the search of the vehicle was overbroad, and any statements made by Williams were the product of the illegal detention and search.

Pretrial matters in the case were referred to United States Magistrate Judge Nannette A. Baker.  Judge Baker held an evidentiary hearing on the Motion to Suppress on October 30, 2017, which was concluded on November 20, 2017. (ECF Nos. 33, 37.) AFPD Morrison asked for additional time to file a post-hearing brief and filed a supplemental memorandum in support of the Motion to Suppress.  (ECF No. 38.) Judge Baker issued a Report and Recommendation ("R&R") on January 25, 2018 that recommended Williams's Motion to Suppress be denied. (ECF No. 42.) The R&R also advised the parties they had fourteen (14) days in which to file objections pursuant to 28 U.S.C. § 636(b)(1).  (Id. at 6.)

AFPD Morrison filed a motion for a one-week extension of time to file objections to the R&R. (ECF No. 44.)  This Court granted Williams until February 16, 2018 to file objections. (ECF No. 45.) Ultimately, AFPD Morrison did not file any objections to the R&R. This Court issued an order adopting the R&R after de novo review and denying Williams's Motion to Suppress on February 21, 2018.  (ECF No. 46.)

A. Guilty Plea Agreement

On May 8, 2018, Williams pleaded guilty to Count One of the Indictment, which charged:

**COUNT ONE**

The Grand Jury charges that:

On or about May 18, 2017, in the City of St. Louis, within the Eastern District of Missouri,

**RONELL WILLIAMS,**

the Defendant herein, having been convicted previously in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, did knowingly and intentionally possess a firearm which previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(1).

(ECF No. 1.)

Pursuant to the Guilty Plea Agreement (the "Agreement") between the parties, Williams agreed to plead guilty to Count One of the indictment in exchange for the United States' agreement "that no further federal prosecution would be brought in this District relative to [Williams's] violation of federal law, known to the United States at this time, arising out of the events set forth in the indictment." (Guilty Plea Agreement, ECF No. 53, ¶ 2a.)

The parties agreed to make a recommendation as to the appropriate sentence to be imposed by the Court:

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **The parties agree to make a joint recommendation for a sentence of seventy-two (72) months, regardless if the sentence is accomplished through a Guideline range of punishment or an upward or downward variance.** The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

(Id. ¶ 2b) (emphasis in original).

The parties agreed to the following facts in the Agreement, and agreed that the Government could prove the facts beyond a reasonable doubt if the case were to go to trial:

On May 18, 2017, St. Louis Metropolitan Police Department (SLMPD) received several calls for "shots fired" near the area of Osceola Street and California Avenue in the City of St. Louis, at approximately 8:53 p.m. There, several people attended a candlelight vigil relating to a homicide that occurred on May 8, 2017. An anonymous person indicated that shots were fired into the air from a white

Dodge Charger. The vehicle was seen leaving the area. At 9:25 p.m., officers observed a white Dodge Charger with heavy window tint and no front license plate turning onto Compton from Mount Pleasant in the City of St. Louis. The vehicle was directly behind the marked patrol vehicle. Officers observed the vehicle driving extremely slow to create distance between the Charger and the patrol vehicle. Due to this and the call, regarding shots fired, officers attempted to get behind the vehicle to conduct an investigatory stop. As the patrol car got closer to the white Dodge Charger the vehicle quickly curbed at 3246 Delor located in the City of St. Louis within the Eastern District of Missouri. Officers used their spotlight to illuminate the Charger.

The driver, Ronell Williams, informed officers that they were driving home from his cousin's vigil on the 4200 block of California. While speaking to Williams, officers observed a magazine from a handgun protruding from the gap between the center console and the driver's seat. A search of the vehicle revealed that the gun between the console and driver's seat was a Glock 23 .40 caliber handgun, bearing serial number LFB368, with an extended magazine loaded with 21 rounds in the magazine. Under the driver's seat was a loaded Hi Point .40 caliber handgun bearing serial number X7255828. In the trunk was an unloaded Smith and Wesson SD .40 caliber handgun bearing serial number FYX2270. An inquiry revealed that the guns had not been reported stolen. Williams was found to be a felon and to have bench warrants in St. Louis City court. Officers found that the vehicle had an Illinois Temporary license plate; however, it was not visible due to the heavy tint. Officers found there was no record of the temporary license plate.

In a post-*Miranda* interview, Williams stated, "Man, this is gonna fuck me!" He was overheard telling Deon Pittman "They were live streaming that shit on Facebook... I bet that's how they found me." Pittman stated that the Smith and Wesson belonged to his girlfriend. The defendant admits to this court that he knowingly possessed the Glock 23 .40 caliber handgun and the Hi Point .40 caliber handgun.

The aforementioned Glock 23 .40 caliber handgun, bearing serial number LFB368 and the Hi Point .40 caliber handgun bearing serial number X7255828, was submitted to the SLMPD Crime Laboratory. A trained firearms expert determined that the Glock 23 .40 caliber handgun and the Hi Point .40 caliber handgun were manufactured outside the State of Missouri, and, therefore, had been transported across state lines and in interstate commerce prior to or during Defendant's possession of it. The Glock 23 .40 caliber handgun and the Hi Point .40 caliber handgun were test fired and functioned as designed. The expert found that the Glock 23 .40 caliber handgun and the Hi Point .40 caliber handgun could expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law. Prior to May 18, 2017, Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri.

(ECF No. 53 at 2-4.)

Pursuant to the Agreement, Williams agreed to "waive all rights to appeal all sentencing issues other than Criminal History" if the Court "sentences the Defendant to seventy-two (72) months or less[.]"  (ECF No. 53, ¶ 7(a)(2).)  Williams also agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  (Id. ¶ 7(b).)

Williams agreed that he was "fully satisfied with the representation received from defense counsel," had "reviewed the government's evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel," and defense counsel had "completely and satisfactorily explored all areas which [he] had requested relative to the United States' case and any defenses." (Id. ¶ 9.)

The Agreement further provided:

### 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

(Id. ¶ 10.)

At the change of plea hearing, the Court first confirmed that Williams was competent to proceed and then questioned Williams regarding the representation he had received from defense counsel:

COURT: You're here today with your attorney, Ms. Morrison. Have you had enough time to discuss your case with her?

WILLIAMS: Yes, I have.

COURT: Are you satisfied with her representation of you in this case?

WILLIAMS: Yes, sir. I am.

COURT: Is there anything you felt she should have done but did not do in representing you here?

WILLIAMS: She was – She did what she's supposed to.

(Plea Tr., ECF No. 69, 5:7-15.)

The Court then discussed Williams's right to a jury trial, which Williams indicated he was willing to give up by pleading guilty.  (Id. 5:16-7:12.) Williams confirmed that he read and discussed the Agreement with AFPD Morrison before signing it, and that he understood the parties' joint sentencing recommendation as explained by the Court and included in the Agreement and the statutory penalties to which he was exposing himself. (Id. 7:22-9:6, 11:3-12:2.)  Williams also stated that the facts summarized by the prosecutor and included in the Agreement were true and correct. (Id. 9:18-11:2.)

At the conclusion of the hearing, the Court accepted Williams's guilty plea as to Count One of the indictment, finding Williams was competent to enter the plea and was doing so voluntarily, Williams understood his rights, and the plea had a factual basis that contained all the elements of the crime to which Williams was pleading guilty. (Id. 16:10-17:9.)

B. Presentence Investigation Report

The Final Presentence Investigation Report ("PSR") was filed August 1, 2018. (ECF No. 58.) Consistent with the Agreement, the PSR determined a Base Offense Level for Count One of 26, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2K2.1(a)(1)(A) and (B) because the offense involved a semiautomatic firearm capable of accepting a large capacity

magazine and the defendant committed the instant offense after incurring two felony convictions for either a crime of violence or controlled substance offense. (ECF No. 58 ¶ 23.) After a two-level deduction for acceptance of responsibility, the PSR calculated a Total Offense Level of 24.  (Id. ¶¶ 30-31.) Williams's Criminal History Category was found to be V, and the advisory guidelines range of imprisonment was determined to be 92 to 115 months. (ECF No. 58 ¶¶ 53, 88.)  Williams filed no objections to the PSR.  (Id. at 27, Addendum.)

C. Sentencing

Williams appeared before the Court for sentencing on August 8, 2018. (ECF No. 61.) Williams's attorney told the Court that she and Williams had an opportunity to read the PSR and had no objections to the factual accuracy of the report or its application of the Sentencing Guidelines. (Sent Tr., ECF No. 71, 2:16-3:6.) As a result, the Court accepted the PSR's factual statements and determined a guidelines imprisonment range of 92 to 115 months. (Id. 3:7-16.) Consistent with the parties' joint recommendation, the Court sentenced Williams to a term of imprisonment for 72 months to be followed by a period of two years of supervised release. (Id. 6:7-8:5; Judgment, ECF No. 62 at 2-3.)

Williams did not appeal his conviction or sentence. AFPD Morrison filed a Notice of Compliance with Local Rule 12.07(A) on August 8, 2018. (ECF No. 64.) The box in front of the following statement was checked: "Defense counsel has explained to defendant his/her right to appeal and defendant has not requested that counsel file a Notice of Appeal." (Id.) The Notice was signed by AFPD Morrison and Williams. (Id.)

Williams filed the instant Motion to Vacate, Set Aside or Correct his sentence under 18 U.S.C. § 2255 on August 26, 2019.

## II.  Grounds Raised

Williams raises three grounds for relief in his § 2255 Motion, all asserting ineffective assistance of counsel:

> 1. Plea counsel was ineffective for advising Williams to enter a plea of guilty when the indictment was defective for failing to include a statutory element: an allegation that Williams knew he had been convicted of an offense punishable by imprisonment for more than one year;

> 2. Plea counsel was ineffective for failing to file a motion to dismiss the indictment and a motion to stay Williams's sentencing pending the outcome of Rehaif v. United States, 139 S. Ct. 2191 (2019); and

> 3. Plea counsel was ineffective for seeking an extension of time to file objections to the Magistrate Judge's Report and Recommendation, but then failing to file any objections.

(Civil case, ECF No. 1-1 at 3.)

## III.  Legal Standard

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.  To warrant relief under § 2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice.  Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962).  The Supreme Court has stated that "a collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

To prove ineffective assistance of counsel, a defendant must demonstrate both that (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced as a result.  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

professional assistance[.]"  Id. at 689.  If a defendant can meet the first part of the Strickland test, he must still show that counsel's deficient performance prejudiced him.  "Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result would have been different."  Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020) (quoted case omitted).

Generally, to establish prejudice where a defendant has entered a guilty plea, as here, "the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Here, Movant Williams makes no assertion that but for his counsel's alleged errors, he would not have entered a guilty plea.

"'Surmounting Strickland's high bar is never an easy task,' Padilla v. Kentucky, 559 U.S. 356, 371 (2010), and the strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.' United States v. Timmreck, 441 U.S. 780, 784 (1979)." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Judges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id.

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

## IV.  Discussion

### A.  Ground One

In his first ground for post-conviction relief, Williams argues his attorney was ineffective for advising him to plead guilty when the indictment was defective because it did not include a

required statutory element: that at the time of possession he knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year.

In <u>Rehaif</u>, the Supreme Court held that the scienter requirement in 18 U.S.C. § 922(g) applies not only to a defendant's possession of firearms or ammunition but also to the defendant's prohibited status. <u>Rehaif</u>, 139 S. Ct. at 2200. "For example, in prosecutions under Section 922(g)(1), the United States must prove, in addition to knowing possession, that at the time of that possession, the defendant knew he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year." <u>Ramsey v. United States</u>, 4:19-CV-2643 SNLJ, 2020 WL 5230891, at *8 (E.D. Mo. Sept. 2, 2020). This requirement does not require proof that the defendant specifically knew he was legally prohibited from possessing a firearm. <u>Id.</u>

The Court finds that Williams's claim under <u>Rehaif</u> should be dismissed because it was waived and is also procedurally defaulted. To the extent it is appropriate to reach the merits, the claim fails on its merits.

*1. Williams Waived His Right to Bring this Claim*

In the Guilty Plea Agreement, Williams waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (ECF No. 53 ¶ 7(b).) It is well established a defendant may waive his Section 2255 rights as part of a plea agreement, so long as the waiver is made knowingly and voluntarily, and its enforcement does not result in a "miscarriage of justice." See <u>DeRoo v. United States</u>, 223 F.3d 919, 923 (8th Cir. 2000); <u>United States v. Andis</u>, 333 F.3d 886, 891 (8th Cir. 2003). Exceptions to waiver include the appeal of an illegal sentence, a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel. <u>Andis</u>, 33 F.3d at 891 (citing <u>DeRoo</u>, 223 F.3d at 923-24). The Eighth Circuit has cautioned, however, that "waivers are

contractual agreements between a defendant and the Government and should not be easily voided by the courts." Id.

Here, Williams entered into the Guilty Plea Agreement knowingly and voluntarily, including the provision in which he waived his right to appeal his conviction in a post-conviction proceeding. Williams has not established that enforcement of the waiver would result in a "miscarriage of justice." Further, Williams does not allege that he is actually innocent of the offense to which he pled guilty, but instead states that "the indictment, and plea agreement was absent a statutory element.  The 'knowingly' element." (Civil case, ECF No. 1-1 at 7.)  A review of the facts admitted by Williams in the Guilty Plea Agreement and the PSR, and confirmed during the change of plea and sentencing hearings, contradicts any claim of actual innocence.

Specifically, Williams agreed in the Guilty Plea Agreement that he admitted to "knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea" (ECF No. 53 at 2, ¶ 3.a.(1)), including that he previously "was convicted of at least felony crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri." (Id. at 4.) During the change of plea hearing, Williams confirmed he had read the Plea Agreement and understood it (Plea Tr., ECF No. 69 at 7:24-8:6), and admitted he was guilty of each of the elements of the crime to which he was pleading, including that prior to May 18, 2017, he "was convicted of at least felony crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri." (Id. 9:7-11:2). Defendant stated he did not disagree with the factual basis of the plea as set forth by the prosecutor.  (id. 10:20-11:2.)

In addition, the PSR listed the following felony convictions to which Williams made no objection:

• September 17, 2004, conviction in the Circuit Court for the City of St. Louis, Missouri, for possession of a controlled substance – cocaine base, on or about November 12, 2002, Cause No. 021-4151 ("2004 Missouri Conviction");

• February 29, 2008, conviction in the Circuit Court for the City of St. Louis, Missouri, for Unlawful Use of a Weapon – Exhibiting on or about February 12, 2007, Cause No. 0722-CR01623 ("2008 Missouri Conviction");

• February 13, 2013, conviction in the Circuit Court for the City of St. Louis, Missouri, for Possession of a Controlled Substance – Cocaine Base on or about April 26, 2012, Cause No. 1222-CR03123-01 ("2013 Missouri Conviction");

• June 29, 2015, conviction in the Circuit Court for the City of St. Louis, Missouri for Possession of a Controlled Substance – Heroin on or about May 13, 2014, Cause No. 1422-CR02387 ("2015 Missouri Conviction").

(ECF No. 58, ¶¶ 37, 39, 45, 49.)

With respect to the 2004 Missouri Conviction, the PSR and court records indicate Williams was sentenced to a term of ten years imprisonment on September 17, 2004. On November 21, 2006, Williams was released on parole. On October 17, 2007, Williams was returned from parole to imprisonment. On May 21, 2010, Williams was released on parole. On July 20, 2012, Williams was returned from parole. On June 13, 2013, Williams was released on parole. (Id. ¶ 37.)

With respect to the 2013 Missouri Conviction, the PSR and court records indicate Williams was sentenced to a term of ten years imprisonment on February 13, 2013, execution of sentence was suspended, and he was placed on probation for four years. (Id. ¶ 45.)

With respect to the 2015 Missouri conviction, the PSR and court records indicate Williams was sentenced to a term of ten years imprisonment on June 29, 2015, execution of sentence was suspended, and he was placed on probation for three years. (Id. ¶ 49.)

Williams was convicted of four state offenses, in three of which he was sentenced to a term of imprisonment for ten years. His parole was revoked on the 2004 Missouri conviction, and he served time in custody from October 17, 2007, through May 21, 2010, which is more than two and a half years. (Id. ¶ 37.) Williams cannot now allege that on May 18, 2017, when he committed the

instant offense for which he was convicted in federal court, he did not know he previously had been convicted of a crime punishable by a term of imprisonment exceeding one year.

Because of Williams's admissions, the issue of <u>Rehaif</u> – that of the Government's burden of proving the defendant knows his status – is not relevant here.  <u>See</u> <u>Clay v. United States</u>, 4:19-CV-2015 AGF, 2019 WL 6842005, at *3-4 (E.D. Mo. Dec. 16, 2019) (citing <u>Taylor v. Huggins</u>, 2019 WL 6481799, at *4 (N.D. W. Va. 2019) (explaining that <u>Rehaif</u> did not apply to petitioner's motion because he "pleaded guilty to this charge in a plea agreement which set forth the elements of the offense"); <u>Moore v. United States</u>, 2019 WL 4394755, at *1 (W.D. Tenn. 2019) (explaining that unlike <u>Rehaif</u>, who went to trial, petitioner "pleaded guilty, waived his right to trial, and accepted responsibility for his actions"); and <u>United States v. Shobe</u>, 2019 WL 3029111, at *2 (N.D. Okla. 2019) (stating that <u>Rehaif</u> had "no effect on the validity of defendant's conviction under § 922(g), because there is no dispute that he knew he was a prohibited person who could not lawfully possess a firearm")).

Further, Williams fails to allege any new and reliable evidence that indicates his innocence. As a result, Williams has not shown that in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crime for which he was convicted. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995).

Accordingly, the Court finds Williams has not established a fundamental miscarriage of justice occurred to circumvent his knowing and voluntary waiver of his right to appeal his conviction in a post-conviction proceeding.

### 2. Williams's <u>Rehaif</u> Claim is Procedurally Defaulted

A defendant may properly claim in a Section 2255 motion that, based on a court decision that resulted in a change in the law after affirmance of his conviction, his "conviction and punishment were for an act that the law does not make criminal." <u>Davis v. United States</u>, 417 U.S.

333, 346 (1974); id. at 346-47 ("There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255'" (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Because Rehaif narrows the "class of persons that the law punishes" under Sections 922(g) and 924(a), it is retroactive on collateral review. Welch v. United States, 136 S. Ct. 1257, 1267 (2016); Ramsey, 2020 WL 5230891 at *10.

As a general rule, claims that were not raised at trial or on direct appeal "may not be raised on collateral review." Massaro v. United States, 538 U.S. 500, 504 (2003); see Wainwright v. Sykes, 433 U.S. 72, 85-86 (1977) (claim defaulted when no contemporaneous objection was lodged at trial); Murray v. Carrier, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted). Here, Williams did not raise a knowledge-of-prohibited-status objection in his criminal case and did not file an appeal. As a result, Williams's Rehaif claim is subject to procedural default.

To overcome procedural default, Williams must show both "cause" for the default and "actual prejudice" from the asserted Rehaif error, or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). Here, Williams has not alleged, much less established, the requisite showing of "cause." Even assuming for purposes of argument that Williams could successfully show cause for his procedural default, the record establishes he cannot show the alleged Rehaif error resulted in actual prejudice. Williams is unable to demonstrate a reasonable probability that but for the error he would not have entered the guilty plea and would have gone to trial.

Because Williams cannot satisfy the "cause and prejudice" showing, he must make a threshold showing of "actual innocence." Smith v. Murray, 477 U.S. 527, 537 (1986). The "actual innocence" exception requires Williams to show it was "more likely than not that no reasonable

juror would have convicted him." <u>Schlup</u>, 513 U.S at 327-28. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." <u>Bousley</u>, 523 U.S. at 623. "[A] petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." <u>Brown v. United States</u>, No. 4:19-CV-1891 HEA, 2020 WL 7181315 at * 3 (E.D. Mo. Dec. 7, 2020). In analyzing a claim of actual innocence, "[t]he habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." <u>Schlup</u>, 513 U.S at 328.

Williams has not alleged actual or factual innocence. Williams offers an argument of legal insufficiency only. As discussed above, any claim of actual innocence by Williams would fail as any notion that he was somehow unaware of his status as a convicted felon is implausible. As the Eighth Circuit has observed, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a <u>Rehaif</u> error in a guilty plea affected his substantial rights." <u>United States v. Caudle</u>, 986 F.3d 916, 922 (8th Cir. 2020) (citation omitted); <u>see also</u> <u>United States v. Hollingshed</u>, 940 F.3d 410, 416 (8th Cir. 2019) (applying plain error review to <u>Rehaif</u> claim raised on direct appeal and concluding that because defendant had served approximately four years in prison on prior conviction, he could not "show a reasonable probability that, but for the error, the result of the proceeding would have been different."); <u>United States v. Everett</u>, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); <u>United States v. Welch</u>, 951 F.3d 901, 907 (8th Cir. 2020) (no plain error when defendant was previously incarcerated for more than one year).

Thus, the Court finds Williams cannot establish either cause and prejudice to excuse his procedural default or actual innocence and as a result his <u>Rehaif</u> claim is procedurally defaulted.

### 3. Williams's <u>Rehaif</u> Claim Fails on the Merits

As stated above, a claim of ineffective assistance of counsel may constitute an exception to a movant's waiver of his Section 2255 rights. Here, Williams alleges a claim under <u>Rehaif</u> that his counsel was ineffective for advising him to plead guilty because the indictment and Guilty Plea Agreement were "absent a statutory element."

A guilty plea and representations made by a defendant during the plea-taking create a "strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997). When a defendant admits he is satisfied with his lawyer, there were no threats or promises to induce him to plead, and he voluntarily admits his guilt, he has a "heavy burden" to show his plea was involuntary. <u>Id.</u> "Once a person has entered a guilty plea, any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." <u>Tran v. Lockhart</u>, 849 F.2d 1064, 1068 (8th Cir. 1988).

Williams's <u>Rehaif</u> claim fails under the first prong of the <u>Strickland</u> test, as "counsel [is] not required to make meritless objections under then-existing precedent, anticipate changes in the law, or raise every potentially meritorious claim." <u>United States v. Garza</u>, 340 F. App'x 243, 244-45 (5th Cir. 2009) (per curiam); <u>see</u> <u>Ragland v. United States</u>, 756 F.3d 597, 601 (8th Cir. 2014) (counsel's failure to anticipate a change in the law does not constitute ineffective assistance); <u>Brown v. United States</u>, 311 F.3d 875, 878 (8th Cir. 2002) ("counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance."); <u>Thomas v. United States</u>, 951 F.2d 902, 904 (8th Cir. 1991) (per curiam) (counsel was not ineffective for failing to raise a meritless issue.) Here, the Supreme Court's <u>Rehaif</u> opinion was issued June 21,

2019, more than a year after Williams was sentenced in the underlying criminal case. Prior to that, the United States Court of Appeals for the Eighth Circuit, and every other circuit court to consider the issue, held that the knowledge requirement in Section 924(a)(2) applied only to a defendant's possession of a firearm or ammunition, not to his restricted status. See Ramsey, 2020 WL 5230891, at *11 (citing United States v. Hutzell, 217 F.3d 966, 967-68 (8th Cir. 2000), and cases from other circuits). Indeed, at the time Williams was sentenced, the status of Rehaif was that the Eleventh Circuit Court of Appeals had affirmed Rehaif's conviction. United States v. Rehaif, 888 F.3d 1138, 1144 (11th Cir. 2018).

Because Williams cannot establish that defense counsel's performance was deficient by advising him to plead guilty even though the indictment did not allege that Williams knew he had been convicted of an offense punishable by imprisonment for more than one year, the Court will dismiss his claim on the merits. See Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1996) (failure to satisfy both prongs of the Strickland analysis is fatal to the claim).

B. Ground Two

In Ground Two, Williams asserts that his counsel was ineffective for not filing motions to dismiss the indictment and to stay the proceedings pending the outcome of Rehaif v. United States. A review of the timeline of Williams's criminal case and the progress of Rehaif through the lower courts on its way to the Supreme Court shows that Williams's attorney was not ineffective for not taking action regarding his case based on the pendency of Rehaif.

As stated above, the Eleventh Circuit affirmed the conviction in Rehaif on March 26, 2018. 888 F.3d at 1144. In that opinion, the Eleventh Circuit followed its prior precedent in United States v. Jackson, 120 F.3d 1226, 1229 (11th Cir. 1997), and stated, "Relying on cases from the Fourth and Fifth Circuits, this court held that the government need not prove that the defendant knew of his prohibited status." 888 F.3d at 1144. The Eleventh Circuit's Rehaif opinion accurately reflected

the state of the law when Williams pleaded guilty on May 8, 2018, and when he was sentenced on August 8, 2018. There was no reason for Williams's attorney to move to dismiss the indictment or to stay the proceedings based on <u>Rehaif</u>. The law in that case, on the dates when Williams pleaded guilty and was sentenced, was clearly established that the Government did not have to prove a defendant was aware of his prohibited status as a convicted felon when he was in possession of a firearm on May 18, 2017.

As Williams points out in his Memorandum (Civil case, ECF No. 1-1 at 8), the Supreme Court did not grant certiorari in <u>Rehaif</u> until January 11, 2019. This was more than five months after Williams was sentenced on August 8, 2018, and more than eight months after he pleaded guilty on May 8, 2018.

On federal habeas review, courts examine counsel's challenged conduct under the circumstances prevailing and the state of the law as it existed at the relevant time, and "avoid making judgments based on hindsight." <u>Fields v. United States</u>, 201 F.3d 1025, 1027 (8th Cir. 2000). It is well established that it is not ineffective assistance of counsel to fail to anticipate a change in the law that may benefit a defendant. <u>See</u> <u>Ragland</u>, 756 F.3d at 601 (counsel's failure to anticipate a change in the law does not constitute ineffective assistance); <u>Toledo v. United States</u>, 581 F.3d 678, 681 (8th Cir. 2009) ("Counsel is not accountable for unknown future changes in the law."); <u>Brown</u>, 311 F.3d at 878 ("counsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance"; rejecting argument counsel was ineffective for not making argument based on <u>Apprendi v. New Jersey</u>, 530 U.S. 430, 490 (2000), before <u>Apprendi</u> was decided); <u>Fields</u>, 201 F.3d at 1028 ("If counsel's failure to anticipate a change in the law will not establish that counsel performed below professional standards, then counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts surely cannot render counsel's performance professionally unreasonable.") (internal citation omitted).

Here, Williams's attorney's performance is evaluated as of the dates that he entered a plea of guilty and was sentenced. On those dates, there was no reason for Williams's counsel to anticipate a change in the law regarding a defendant's knowledge of his prohibited status, because Williams pleaded guilty and was sentenced months before the Supreme Court granted certiorari in Rehaif. This Court has held there is no basis to find counsel ineffective for failing to take actions or make arguments in anticipation of the Supreme Court's decision in Rehaif where a defendant was sentenced months or years prior to that decision. See, e.g., Jackson v. United States, 4:19-CV-1045 RLW, 2022 WL 4078867, at *11 (E.D. Mo. Sept. 6, 2022); Clay, 4:19-CV-2015 AGF, 2022 WL 2833991, at *4; Stewart v. United States, 4:19-CV-3189 CDP, 2022 WL 1165834, at *4 (E.D. Mo. Apr. 20, 2022).

As a result, Williams's attorney was not ineffective for not moving to dismiss the indictment or stay the proceedings as the Rehaif case made its way through the courts. There was no basis for counsel to suspect there was a requirement that a defendant must know of his prohibited status in a felon in possession of a firearm case at the times when Williams pleaded guilty or was sentenced, because the Supreme Court did not grant certiorari in Rehaif until more than five months after Williams was sentenced.

Even if Williams's attorney had taken the actions that Williams now contends she should have, this Court would not have granted a motion to dismiss the indictment or to stay the proceedings, as there was no reason to do so based on controlling Eighth Circuit precedent at the time. See Fields, 201 F.3d at 1028.

For these reasons, Ground Two is without merit and will be denied.

C. Ground Three

In Ground Three, Williams asserts that his counsel was ineffective for failing to file objections to the Magistrate Judge's Report and Recommendation after obtaining an extension of

time to do so. Williams does not state what his attorney should have objected to in the R&R, or how such objections would have caused the Court to decline to adopt the R&R and grant his Motion to Suppress. Williams merely asserts that his counsel's failure to file objections, in of itself, constitutes ineffective assistance. This is erroneous.

In United States v. McHenry, 849 F.3d 699, 706 (8th Cir. 2017), the defendant contended his attorney was ineffective for not challenging the GPS tracking of a cell phone without a warrant. The Eighth Circuit rejected this claim, stating, "To establish prejudice, a defendant who claims that counsel ineffectively failed to challenge a search or seizure must prove that the Fourth Amendment claim is meritorious." Id. at 706; see also United States v. Luke, 686 F.3d 600, 605 (8th Cir. 2012) ("When a defendant claims that counsel was ineffective by failing to litigate a Fourth Amendment challenge to a search and seizure, the defendant must prove that the claim is meritorious."); Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (holding to prove ineffective assistance of counsel, a defendant must establish that his "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice").

Here, Williams does not establish how his Motion to Suppress was meritorious, and fails to even assert what objection to the R&R his attorney should have made that would have caused this Court to reject the Magistrate Judge's recommendation and grant the Motion to Suppress. As a result, Williams has failed to comply with the requirement that a defendant who contends his attorney was ineffective for not challenging a search or seizure under the Fourth Amendment must show how the claim was meritorious.  As a result, Ground Three is without merit and will be denied.

## V. Conclusion

For the foregoing reasons, the Court concludes that Movant Ronell Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should be denied in all respects without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Ronell Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in Ronell Williams's § 2255 Motion.  See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000); Miller-El v. Cockrell, 537 U.S. 322, 342 (2003).

A separate judgment will accompany this Memorandum and Order.


_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 19th day of September, 2022.